### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| H&B VENTURES, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:21CV1385 JCH |
| | ) | |
| STATE AUTO PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, filed December 6, 2021. (ECF No. 11).  The motion is fully briefed and ready for disposition.

### BACKGROUND

On or about November 12, 2021, Plaintiffs H&B Ventures, LLC and Gene Bentrup filed a Petition against Defendants State Auto Property and Casualty Insurance Company ("State Auto") and Hamza Daghamin in the Circuit Court of the City of St. Louis, Missouri.  (Petition (hereinafter "Complaint" or "Compl."), ECF No. 6).  In their Complaint Plaintiffs allege that on or about January 20, 2020, Plaintiff H&B Ventures, LLC was the owner of the business premises located at 2727 Watson Road, in the City of St. Louis, State of Missouri, when a fire caused extensive damage to the building, premises and contents.  (Compl., ¶ 5).  At the time of the fire, the business premises were under the control of a lessor and tenant, Defendant Daghamin, who was operating a business at the premises.  (*Id.*, ¶ 6).

On the date of the fire, Plaintiffs were insured by State Auto insurance policy number BOP 2902454, which included coverage for loss and damages due to fire.  (Compl., ¶ 7). Plaintiffs allege they timely notified State Auto of the loss, and filed proof of claims and claims

- 1 -

for coverage and payment of the benefits.  (*Id.*, ¶ 13).  Despite Plaintiffs' alleged compliance

with all conditions precedent pursuant to the policy, Plaintiffs allege State Auto refused to pay

their claims.  (*Id.*, ¶¶ 11-14).  Based on these allegations Plaintiffs assert claims for vexatious

refusal to pay and negligence/defamation against State Auto.  (*Id.*, ¶¶ 10-28).[1]  Plaintiffs further

assert a claim for negligence against Defendant Daghamin, alleging that as the tenant and party

in the best position to prevent damage at the premises, including damage caused by fire or

alleged arson, Daghamin had a duty to exercise ordinary care to ensure the premises were in a

reasonably safe condition free of defects, and that he breached said duty in numerous ways.  (*Id.*,

¶¶ 29-35).

On November 23, 2021, State Auto removed the case to this Court on the basis of

diversity jurisdiction.  (ECF No. 1).  As grounds for the removal, State Auto noted that at all

relevant times H&B Ventures was a corporation organized and existing under the laws of the

State of Missouri, with its principal place of business in Missouri, and Bentrup was a citizen and

resident of Missouri.  (*Id.*, ¶ 4).  State Auto noted that it was a corporation organized and existing

under the laws of the State of Ohio, with its principal place of business in Ohio.  (*Id.*, ¶ 5).  With

respect to Defendant Daghamin, State Auto maintained that although he was a Missouri resident,

his citizenship should be ignored because his joinder as a non-diverse party was for the sole

purpose of defeating federal diversity jurisdiction, and thus his fraudulent misjoinder should not

prevent removal.  (*Id.*, ¶¶ 7-11).

---

1 As support for their negligence/defamation claim, Plaintiffs maintain that "Defendant State
Auto had a duty to exercise reasonable care in its investigation of the fire and publishing any
statements of fact about plaintiff Bentrup in the course of its investigation and denial of coverage
for the fire," and "Defendant State Auto breached the aforementioned duty and failed to exercise
reasonable care in publishing, without valid privilege, a false and defamatory statement of fact
about plaintiff, including that plaintiff committed arson or conspired with others to commit arson
and lied in his claim for coverage under the policy."  (Compl., ¶¶ 24-25).

On December 6, 2021, Plaintiffs filed the instant Motion to Remand, claiming remand is appropriate as complete diversity does not exist.  (ECF No. 11).  In response, State Auto asserts Plaintiffs' motion should be denied, as Defendant Daghamin was fraudulently joined and/or fraudulently misjoined in an effort to defeat diversity jurisdiction.  (ECF No. 21).

## DISCUSSION

### I.  Fraudulent Joinder

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand."  *Manning v. Wal-Mart Stores East, Inc.*, 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997), *cert. denied*, 522 U.S. 1075, 118 S.Ct. 852, 139 L.Ed.2d 753 (1998)).  The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *see also Nicely v. Wyeth, Inc.*, 2011 WL 2462060 at *2 (E.D. Mo. Jun. 17, 2011).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action.  28 U.S.C. § 1441(a).  "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[2]  *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).  Actions where jurisdiction is predicated solely on diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

---

2 There is no dispute in the instant case that the amount in controversy exceeds $75,000.00.

As stated above, State Auto asserts that diversity jurisdiction exists because Daghamin, the only non-diverse party, was fraudulently joined. "When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." *Moss v. Defender Servs. Inc.*, 2009 WL 90136 at *2 (E.D. Mo. Jan. 14, 2009) (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983); 28 U.S.C. § 1441(b)). Joinder is fraudulent and removal is proper "when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (internal quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 94 (2011). However, "joinder is fraudulent only when there exists no reasonable basis in fact and law supporting a claim against the resident defendant[]." *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (internal quotation marks and citations omitted) (emphasizing that the fraudulent joinder inquiry does not focus on the "artfulness of the pleadings", but rather on the ability of the plaintiff to state a colorable claim). The Eighth Circuit has articulated the fraudulent joinder standard as follows:

> [A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder.

*Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal citations and footnote omitted; emphasis in original). This reasonableness standard requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (citing *Junk*, 628 F.3d at 445 (noting that the Rule 12(b)(6) standard is "more demanding" than the *Filla*

standard)).  Furthermore, in making a prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," and should not "step from the threshold jurisdictional issue into a decision on the merits."  *Manning*, 304 F.Supp.2d at 1148 (internal quotation marks and citations omitted).  Thus, in deciding the instant motion the issue becomes whether state law reasonably might impose liability on the non-diverse Defendant, Daghamin.  *See Filla*, 336 F.3d at 810; *Manning*, 304 F.Supp.2d at 1149.

As noted above complete diversity, as required for federal jurisdiction pursuant to 28 U.S.C. § 1332, does not exist on the face of Plaintiffs' Complaint, as both Plaintiffs and Daghamin are citizens and residents of Missouri.  *See Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 403-04 (8th Cir. 1977).  In its response to the Motion to Remand, however, State Auto argues that Daghamin's joinder was fraudulent, as there exists no possibility of a colorable cause of action against him for negligence.  As a result, State Auto asserts the complete diversity necessary for jurisdiction pursuant to 28 U.S.C. § 1332 is present.

"Under Missouri law, common law negligence has three elements:  '(1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury.'"  *In Re: Dicamba Herbicides Litig.*, No. 1:18CV21 SNLJ, 2018 WL 2447792, at *2 (E.D. Mo. May 31, 2018) (quoting *McComb v. Norfus*, 541 S.W.3d 550, 554 (Mo. banc 2018)).  In its response to Plaintiffs' Motion to Remand, State Auto maintains "there is no such reasonable basis supporting a negligence claim against Hamza Daghamin, as the tenant, for failing to protect Plaintiffs' property from the arson fire.  No special relationship exists between a landlord and tenant permitting liability for the intentional criminal acts of a third party."  (State Auto's Memorandum in Opposition to Plaintiffs' Motion to Remand, PP. 5-6).

- 5 -

Upon consideration, the Court finds it need not decide whether Missouri state law would support a negligence claim against Daghamin for failing to protect Plaintiffs' property from the criminal actions of a third party.  This is so because State Auto ignores a relevant portion of Plaintiffs' negligence claim against Daghamin.  Specifically, Plaintiffs allege in part as follows:

> 30.     On or about January 20, 2020, and at the time of the fire, the premises were exclusively possessed, managed, and controlled by defendant Daghamin.
>
> 31.     Daghamin, as the tenant and the party in the best position to prevent damage at the premises, including damage caused by fire or alleged arson, had a duty to exercise ordinary care to ensure the premises was in a reasonably safe condition free of defects that could cause or contribute to cause fire, loss, and damage.

(Compl.,   ¶¶ 30-31).   The Court finds that with these allegations, Plaintiffs claim that Daghamin's own actions may have caused or contributed to the fire[3], and "'there is arguably a reasonable basis for predicting that [Missouri] law might impose liability'" on the resident Defendant under those circumstances.  *Knudson*, 634 F.3d at 980 (quoting *Filla*, 336 F.3d at 811).  Plaintiffs' claim for negligence against Daghamin thus remains viable at this juncture, and so he will not be dismissed as fraudulently joined.

## II.     **Fraudulent Misjoinder**

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule."  *In re Prempro Products Liability Litig.*, 591 F.3d 613, 620 (8th Cir.) (citing 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3723, at 788-89 (4th ed. 2009)), *cert. denied*, 562 U.S. 963 (2010).  As noted above, "[f]raudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal."  *Id.* (citation omitted).

---

3 This point is made clear in paragraphs 32-34, where Plaintiffs attempt to hold Daghamin liable *in the alternative* for failing to prevent the criminal actions of third parties.

Fraudulent misjoinder is a "more recent, somewhat different, and novel exception to the complete diversity rule." *In re Prempro*, 591 F.3d at 620. "Fraudulent misjoinder 'occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other.'" *Id.* (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L.Rev. 52, 57 (2008)).

The Eighth Circuit in *In re Prempro* acknowledged the fraudulent misjoinder doctrine, but declined either to adopt or reject it. *See In re Prempro*, 591 F.3d at 622. Instead, the Court concluded that even if it were to adopt the doctrine, the facts of the case before it were not so egregious as to warrant its application. *Id.* The court began its reasoning with the observation that the Eighth Circuit uses a very broad definition for the term "transaction", as that term applies in the context of permissive joinder under Fed.R.Civ.P. 20. *Id.* Specifically, the term may be understood to

> comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

> Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

*Id.* (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974); s*ee also* 7 Charles A. Wright et al., *Federal Practice and Procedure*, § 1653, at 415 (3d ed. 2001) (explaining that the transaction/occurrence requirement prescribed by Rule 20(a) is not a rigid test and is meant to be "read as broadly as possible whenever doing so is likely to promote judicial economy.")).

- 7 -

The *In re Prempro* court continued to hold it was unable to conclude that the plaintiffs' claims had "'no real connection' to each other such that they [were] egregiously misjoined." *Id.* at 623-24 (distinguishing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and declining to apply the fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham'"). In reaching this conclusion, the court considered that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation. *Id.*[4]

In the instant case, the Court finds State Auto has not demonstrated that joinder of the claim against the non-diverse Defendant, Daghamin, "borders on a sham." *In re Prempro*, 591 F.3d at 624. To the contrary, Plaintiffs' claims meet the same transaction test for joinder under Rule 20(a), as they all arise out of the same occurrence, *i.e.*, the fire at the business premises owned by Plaintiffs. Furthermore, common issues of fact connect Plaintiffs' claims and are likely to arise in the litigation, as in the determination of all claims the questions of whether the fire was caused by arson, and if so whether Plaintiffs conspired to commit said arson, will be preeminent. Plaintiffs' claims thus are not fraudulently misjoined, and so removal on the basis of diversity jurisdiction was inappropriate.

---

4 The Eighth Circuit in *In re Prempro* clarified that it made no judgment as to whether the plaintiffs' claims were *properly* joined under Rule 20. *Id.* at 623. The Court continued to state that "[i]t may be that the plaintiffs' claims are not properly joined, and it has been suggested that the proper procedure may be for the manufacturers to argue that to the state court." *Id.* at 623-24 (citing *Johnson v. Glaxo Smith Kline*, 214 F.R.D. 416, 421 (S.D. Miss. Mar. 29, 2002) (holding that even if defendants are correct that plaintiffs' claims are improperly joined, the issue of 'mere misjoinder' is more appropriately addressed to the state district court).

## **<u>CONCLUSION</u>**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 11) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of St. Louis City, State of Missouri.  An appropriate Order of Remand will accompany this Memorandum and Order.


Dated this 9th Day of February, 2022.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE